As the Court is aware, the sole issue presented in this appeal is whether the District Court committed error in concluding that it lacked authority to apply the safety valve in the context of Mr. Holland's 3582C2 proceeding. And at the heart of this issue, and the briefing in many ways, was this Court's decision in the United States v. Stockdale. So I'd like to start by addressing the Stockdale decision. Mr. Holland's position is that Stockdale is in no way binding on this Court in resolving the issue presented in this appeal. Stockdale was decided at a particular point in time, in the late 90s, at which an important issue facing the Federal courts was whether or not the safety valve could apply retroactively to Federal inmates who were originally convicted prior to the enactment of the safety valve. Now, that was the narrow issue presented in Stockdale, and the narrow holding of Stockdale was that the safety valve was no, not retroactive to those inmates. Well, it also says that the safety valve is applicable only for sentencing, not for resentencing under 3582C. So I'm having trouble seeing why it's not directly on point in controlling of our decision here. Certainly. There is the Stockdale Court did make those observations. It made a number of interpretations about the interplay between 3553F and 3582C2, and it drew the conclusion that the safety valve should likely not be applied in 3582C2 proceedings. But that was all by way of rationale leading to the actual holding of the case, which was that the safety valve was not retroactive to the inmates who were sentenced before the enactment of the safety valve. You presumably know that in the Ninth Circuit under Berrapin v. Enomoto and subsequent cases, all dicta, so-called, in Ninth Circuit decisions is binding on subsequent panels. We don't make a distinction between dicta and holding. Certainly. The statements were made in the case, and that's certainly true. I would also like to point out to the Court that subsequent to Stockdale, the landscape of the case law has been altered, first by Booker and later by Hicks. But how does that affect the holding of Stockdale? Because the only way, or the language in Stockdale, the only way that a panel could deviate from that is if there's been some intervening decision that makes that conclusion in Stockdale no longer accurate, be it erroneous. So a Supreme Court decision or an en banc decision of this or a change in statutory language, what actually abrogates the Stockdale language? That language in Stockdale has been seriously undermined by the combination of Booker and Hicks. Booker and Hicks taken together stand for the proposition that a 3582 proceeding is a holistic exercise at which the district court needs to be enabled to employ all of the statutory, equitable, and guidelines tools at its disposal to arrive at the most appropriate, fair, and just sentence for the particular defendant at the particular point in time. And in a situation such as this, where we have a rare and unique opportunity to apply the safety valve in the case of Mr. Holland, where he has become arguably eligible for the safety valve after he was originally sentenced, this is the sort of situation addressed by Booker and Hicks where the safety valve should be available to the district judge. And the district court complied with Hicks, right? It applied the 3553A factors a second time. And so there was nothing inconsistent with Hicks and Stockdale saying, but the safety valve is out, cease Stockdale. That's right. Our argument is that the district court should have taken it a step further and applied the safety valve as well, because it is a statutory tool at the district court's disposal which would have helped the district court arrive at a more just sentence on behalf of Mr. Holland. Well, let me ask you this. Assuming that somehow you can't escape Stockdale, are not United States v. Linear and United States v. SIPI directly controlling? They're not, Your Honor. And why not? Well, to the extent that they're inconsistent with Hicks, we would argue that there's simply a reconciled fault. Well, let's assume we don't think they're inconsistent with Hicks. Set Hicks aside for a moment. How could one read those two decisions I just mentioned and argue with a straight face that Holland's entitled to relief? A number of ways. The first is that, actually, in this case, the application of the safety valve to Mr. Holland is not inconsistent with the policy statements at issue in Linear and SIPI. And why is that? That's because if you look at the policy statements that are at issue in this case, they're all different ways of saying the same thing, which is that the sentencing commission is trying to cabin the discretion of the district court to change decisions that are already made in the earlier, in the earlier statements. To the two-level reduction, correct? Well, the two-level, to keep it to the two-level reduction and don't change any decisions that are already made. But specifically, we see that language in 1B1.10b1. But the thrust of all the policy statements cited by the government in this case is the same idea. And in this case, because Mr. Holland's conviction was subsequently vacated, the district court has never had a chance to address this issue. So it's not as if this is a decision that the district court has ever made. This is a decision the district court has never made, and it's entirely consistent with the policy statements to go back and make this decision in the end. I'm sorry, to make this decision in the first instance on the 3582 C2 proceeding. You certainly read that language differently than I do. I would also like to point out with respect to at least two of the three policy statements that issue in this case, that there are ex post facto issues raised. And on this issue, I'd like to refer the Court to the Ninth Circuit's decision named Hamilton v. United States, 67F3761, which stands for the proposition that when an inmate is taking advantage of an amendment to the guidelines in the context of a 3582 proceeding, and the district judge applies the amendment in the defendant's favor, but there also in the new guidelines are other revisions which have the – which disadvantage the defendant. Essentially, the district judge needs to mix and match between the guidelines in effect at the time of the offense and the new guidelines to arrive at the most just conclusion. So what we have here cited by the government are, for example, Section 1B1.1083, which provides that 3582 proceedings are not fully sentencing. That provision was not in the guidelines at the time Mr. – Mr. Holland committed the offenses at issue. Similarly, 1B1.10b2a, which is cited by the government and it stands for the proposition that the district court on 3582 may not lower the sentence on a – the sentence below the amended guideline range. That was also not in the guidelines at the time Mr. Holland committed the offenses at issue. So to the extent those policy statements would increase Mr. Holland's punishment by rendering him ineligible for the safety valve, those raised – those policy statements raise serious exprospective issues and may not be applied to Mr. Holland whatsoever, which leaves the only policy statement applicable in this case, 1B1.10b1, which is the guideline statement that reads that the district court may not – must not leave – must leave all previous guideline decisions unaffected, whereas, as I was saying earlier, the decision at issue here is not a decision that the district court ever made. So it's free to make this decision again or now. This strikes me as unusual. I exposed factual analysis. Mr. Holland was lawfully sentenced originally. Yes. So we're not talking about anything that increased the punishment for the crime he committed at the time he committed it or at the time he was sentenced. We're talking about a provision that says you can't change a sentence after it's imposed except in certain limited circumstances. That's true. It doesn't strike me at least as an ordinary analytical framework for ex post facto. The issue is here Mr. Holland has had his conviction predicated and his prior ineligibility for the safety valve was in large part predicated on that, on the existence of that conviction. Now the jurisdiction that issued the conviction no longer recognizes it. And there seems to be very little Federal interest in continuing to seek the continuing imposition of a harsh mandatory minimum sentence on Mr. Holland when California doesn't even recognize the prior anymore. To that extent. Okay. You're trying to get around a lot of minefields. Yeah. Thank you. I think Stockdale controls this case. I think the holding in Stockdale was that the language of 3553F was incompatible with the safety valve. Booker doesn't speak to that. It doesn't overrule it. I think Stockdale controls. If it didn't, the policy statement clearly does and it will be on supply to bind it.  Thank you. Thank you. Thank you. Thank you. Questions? Thank you. Thank you. The case just argued is submitted. The next matter on the calendar, Allen v. Continental Casualty, has been removed from the calendar. So we'll hear the next case for argument, Klausitzer v. Federal Express.  Thank you. All right. All right. All right. All right.
judges: Sedwick, Schroeder, Ikuta